IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | | |
|---|---|---|
| BUSINESS LOAN CENTER, L.L.C., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | CIVIL ACTION NO. 05-0437-P-M |
| | ) | |
| F/V GABRIEL D, *in rem*, | ) | ADMIRALTY |
| | ) | |
| Defendant. | ) | |

ORDER OF DISMISSAL

The F/V GABRIEL D, Official Number 1123322 ("the Vessel") was the security underlying a Preferred Ship Mortgage issued by plaintiff Business Loan Center, L.L.C., and was the subject of this maritime attachment brought pursuant to 28 U.S.C. § 1333, under Rule 9(h) of the Federal Rules of Civil Procedure (docs.1-3).  Plaintiff claims that the mortgagee, Toan, Inc., breached the terms of the Mortgage by failing to pay the required installments (doc.1, ¶6).

On July 28, 2005, a Warrant for the arrest of the Vessel issued (doc.9), and a substitute custodian was named, Gazzier Shipyard, Inc. (doc.7).  On October 5, 2005, plaintiff filed a Motion For Interlocutory Sale of the Vessel which included notice of this action and process sent by certified mail to Toan, Inc.  Due to Hurricane Katrina and its aftermath, no proof of service is available to plaintiff's counsel.  However, plaintiff's counsel informs the court that on August 26, 2005, he was contacted by telephone by Ike Duval, Esq., counsel for Toan, Inc., and was advised that they would not contest the seizure of the Vessel (doc.13, p.2).

On October 24, 2005, the court ordered the interlocutory sale of the Vessel (doc.16), and a Writ of Venditioni Exponas was issued (doc.17).  The required advertisement of the sale was

conducted (docs.18-19).

On November 16, 2005, the Vessel was sold at auction to plaintiff for $1,000.00 (doc.22). On December 5, 2005, this court issued an Order Confirming Sale and Release of Vessel (doc.20). On December 7, 2005, the Bill of Sale was issued reflecting that the Vessel was "[s]old free and clear of all encumbrances and liens" (doc.22).

On December 8, 2005, the Clerk issued a directive to the substitute custodian, pursuant to Local Admiralty Rule 8, "to send written notice within five (5) days to all persons known... to have claims for charges incurred while the [V]essel was in the custody of the court, and... to notify such persons of the necessity of filing claims within ten (10) days..." (doc.23). No claims have been filed.

Accordingly, with the sale of the Vessel confirmed, and with no other claims regarding the Vessel having been filed, it is ORDERED that this action be and is hereby DISMISSED with prejudice pursuant to Fed.R.Civ.P.41(a)(2).

DONE this 11th day of January, 2006.

    S/Virgil Pittman
    SENIOR UNITED STATES DISTRICT JUDGE